## JOHNSON v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 29, 1923. Rehearing Denied December 3, 1923.)

No. 3931.

**Receiving stolen goods ⬉8(3)—Evidence held to sustain conviction for interstate transportation of stolen automobile.**

Evidence *held* to sustain a conviction, under National Motor Vehicle Theft Act Oct. 29, 1919, § 3, for transportation in interstate commerce of an automobile, knowing the same to have been stolen.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Frank H. Rudkin, Judge.

Criminal prosecution by the United States against Burrell Johnson. Judgment of conviction, and defendant brings error. Affirmed.

R. J. Meakim, of Seattle. Wash., for plaintiff in error.

Thos. P. Revelle, U. S. Atty., Charles P. Moriarty, Sp. Asst. U. S. Atty., and Judson F. Falknor, Asst. U. S. Atty., all of Seattle, Wash.

Before HUNT, Circuit Judge, and BOURQUIN, District Judge.

BOURQUIN, District Judge. The record in this proceeding in error admits of that brevity which is as often the soul of justice as of wit. Plaintiff in error, defendant below, was convicted of violation of section 3, Act Oct. 29, 1919 (Comp. Stat. § 10418d), in that he transported in interstate commerce an auto, knowing the same to have been stolen, and was sentenced to imprisonment at hard labor for two years.

His assignment of errors or plea herein is that the court refused to grant his timely motions for a directed verdict of not guilty, and likewise his motion for a new trial. His only contention is that the evidence is circumstantial in respect to the guilty knowledge charged, is "consistent with his innocence, and is therefore insufficient to sustain a conviction."

The undisputed evidence against defendant is that November 8, 1921, in Rhode Island, he procured a license for the auto, but with false motor number; that November 10, 1921, in Boston, Mass., the auto was stolen from before the physician owner's office; that at least on November 12, 1921, and thereafter defendant had possession of the auto, and drove it via Florida and Southern California to Seattle. Wash., where in his possession it was seized by federal officers; that upon the auto motor, and visible when hood raised, was a plate with number corresponding to the number in the license aforesaid, and very different from the true number, visible only when motor disassembled; that he then stated to the officers he had secured the auto in Rhode Island in exchange for his Studebaker and $300, had lost the bill of sale for the auto in possession, and had forgotten name of the man from whom he received it and the exact street locality where the exchange was made.

⬉For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The evidence in his behalf is his testimony that November 8, 1921, in Rhode Island, in response to an advertisement, he examined this auto and agreed to make the exchange, provided he could secure a Rhode Island license; that he that day ordered such license; that November 12 he received the license and completed the exchange; that he then drove the auto openly the route aforesaid to Seattle; that he had lost the bill of sale, and forgotten man and locality as aforesaid; that he did not know the auto was stolen, had not stolen the false number plate, and did not place it on the motor. His wife tends to corroborate him in the circumstances of completion of the exchange.

It is evident the prosecution made out an irresistible case of defendant's guilt. His procurement in Rhode Island on November 8th of license for this auto, but with false motor number, the auto stolen in Massachusetts on November 10th, thereafter in his possession and in Washington with plate affixed, and of the false motor number aforesaid, leave room for no inference save that defendant in person or by accomplice committed the theft. In either case he knew the auto was stolen, and so his transportation of it in interstate commerce was a violation of the statute. In the face of undisputed facts, his version of his relation to the auto is not credible, and was not credited by court or jury.

There is no error in the record, and the judgment is affirmed.

